

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS
XHCHOXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Gentlemen:

Attention of Mr. H. E. Wassell
Opinion No. 0-2020
Re: Are agents of fraternal societies
lawfully doing business in Texas re-
quired to obtain a license under Arti-
cle 5068b, Section 1, Vernon's Civil
Statutes, so as to be subject to the
penalty provided in Article 570a, Sec-
tion 6, Penal Code, if they do not
obtain a license?

       Your recent request for an opinion of this department on the
above stated question has been received. We quote from your letter as
follows:

"On account of the confusion obtaining in the minds of many insurance
companies and the licensed agents of the state and the conflict of opin-
ion in this Department, together with the further fact that many frater-
nal agents soliciting insurance for them and causing the policyholders in
the old line and mutual companies to drop such policies and take out
insurance with them, I desire to submit to you the above question, as to
whether or not agents of fraternal societies, lawfully doing business in
Texas, are required to procure a license from this Department in order
to lawfully operate as a life insurance agent.

". . .

"The writer makes this comment: That in 1913 and up until 1933 only a
few of the fraternal benefit socieites made any effort to sell policies
of insurance or have agents for the purpose of selling insurance, but
they dwelt more on building up their lodges as a fraternal lodge for
friendship and benevolence. In later years insurance became the major
function, until today, the insurance end of these fraternals have,
perhaps, become more important than the fraternal and friendship side
of these societies.

"We have had many bad agents who were unable to obtain a license from
this Department in the past three years who have sought and obtained
employment as an agent for some of these fraternal orders because they
did not have to obtain a license, and there was little this Department
could do in the matter; at least, that was the position that has been
taken in the past. Too, in the earlier days, around 1913, only members

of the fraternal lodges sought to increase their membership by solicitation and did not receive any commission for obtaining members or upon small insurance policies that were written by the lodge or order. Now the insurance feature has become more important, and many of these lodges hire agents who do not have a license from this Department, which agents spend all of their time soliciting citizens of the state for insurance policies in such fraternal societies and do receive a commission for their labors; and these agents go so far as to contact policyholders in the old line and mutual companies seeking to have such policyholders drop their policies and become insured in their benefit society or order.

"In this situation, the agent of all other insurance companies must obtain a license from this Department, while the agent doing the identical acts of an agent representing a fraternal benefit society has not obtained a license from this Department. This would, at least, cause the enactment in House Bill No. 522 as to agents' license to be discriminatory if the agents for the fraternal order are exempt under Articles 4823 and 4857, supra, from the provisions of said H. B. No. 522.

"The question of an agent representing a fraternal society which has not procured a permit to do business in Texas as provided by law is not in question here, as it is clear that no agent, licensed or unlicensed, could lawfully operate as an agent for such benefit society.

"Your early consideration of this question is requested so that we may comply with the law as to compelling the issuance of licenses to all life, health, and accident agents in Texas during the coming year. The present licenses of all such agents expire automatically under Article 5068b, Section 7a, on March 31 of this year, at which time new licenses will be issued by this Department; we therefore, respectfully ask for an early reply."

Section 1 of Article 5068b, Vernon's Civil Annotated Statutes, reads as follows:

"Section 1. Hereafter when any person shall desire to become an agent for a life insurance company, accident insurance compnay, life and accident, health and accident, or life, health, and accident insurance company, or association, or organization, local mutual aid association, or statewide mutual association, soliciting or writing insurance in the State of Texas, as the term agent is elsewhere defined in the law, he shall, in such form and giving such information as may be required, make application to the Board of Insurance Commissioners for a license to act as such agent. After the Board of Insurance Commissioners shall determine that such person is of good character and reputation, it shall issue the license to such person in such form as it may prepare."

Section 6 of Article 570a, Penal Code, reads as follows:

"Section 6. Any person who shall act as a life, health or accident insurance agent without having first obtained a license as herein provided, or who shall solicit life, health or accident insurance or act as a life, health or accident agent without having been appointed and designated by some duly authorized life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, local mutual aid association, or statewide mutual association to do so as herein provided, or any person who shall solicit life, health or accident insurance or act as an agent for any person or insurance company or association not authorized to do businessin Texas; or any officer or representative of any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company or association, or organization, local mutual aid association, or statewide mutual association who shall knowingly contract with or appoint as an agent any person who does not have a valid and outstanding license, as herein provided shall be guilty of a misdemeanor and, upon conviction, shall be fined any sum not in excess of Five Hundred Dollars ($500) and shall be barred from receiving a license as an insurance agent for a period of at least two (2) years."

Article 4823, Vernon's Civil Annotated Statutes regarding fraternal benefit societies, reads as follows:

"Except as herein provided, such societies shall be governed by this law, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law hereafter enacted shall apply to them, unless they be expressly designated therein."

Articles 582, 583 and 584 of the Penal Code, read as follows:

"Art. 582. Whoever solicits membershipfor, or in any manner assists in procuring membership in any fraternal benefit society not licensed to do business in this State, or who shall solicit membership for, or in any manner assist in procuring membership in such society not authorized by law to do business in this Syate, shall be fined not less than fifty nor more than two hundred dollars.

"Art. 583. Whoever solicits for or organizes lodges of such association as are defined to be a fraternal benefit society under the laws of this State, without first obtaining from the Commissioners of Insurance a certificate of authority showing that the association has complied with the provisions of such laws and is entitled to do business in this State, shall be fined not less than one hundred nor more than two hundred and fifty dollars, or be imprisoned in jail for not less than three nor more than six months, or both.

"Art. 584. No provision of the preceding articles shall prohibit any member of a local or subordinate lodge from soliciting any person to become a member of any local or subordinate lodge already in existence, nor apply

to any members of any local or subordinante lodge who participate in, direct or conduct the organization of establishment of any local or subordinate lodge within the limits of the county of their residence or lodge district."

By the Revised Civil Statutes a fraternal benefit society is any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits as provided. The terms "lodge system" and "representative form of government" as usediin the statute are also given legislative definitions. In accordance with thse provisions, it has been held that an organization which is "duly incorporated as a beneficiary association, having a lodge system, a ritualistic form of work, a representative form of government, without capital stock, and conducts its business without profit, and for the sole benefit of its members and their beneficiaries" is a fraternal benefit society. See Articles 4820 and 4821, Vernon's Annotated Statutes, and the cases, Grand etc. Sons of Hermann vs. Prater, 2 SW 2d 500; Sovereign Camp W.O.W. vs. Downer, 241 SW 228.

We quote from Texas Jurisprudence, Vol. 6, page 390 and 391 as follows:

"While a fraternal benefit society is somewhat in the nature of an insurance company, it is organized and exists upon a basis wholly different from that of the ordinary life insurance company. 'No benevolent association is an insurance company in the ordinary acceptation of that term. The relation of certificateholders -- as distinguished from ' 'policy holders' '-- is essentially mutual and reciprocal. Each certificate holder is an insurer of the others and of all others who are members.'

"'The primary object of these benevolent orders and regular old-line insurance companies is the same-- the writing of insurance. The end in view is attained by the prosecution of different methods. The latter class, through agents appointed for the purpose, and located at different points in the territory where they desire to do business, solicits and writes the policies subject to the approval of the home office, for established premium rates, varying according to the hazard of the risk. The policy of the class with which we are dealing is to organize and establish inferior lodges, conducted and presided over by officers elected from its membership, whose duty it is to solicit members, and whose election results in the issuance of insurance policies for the amount prescribed by the laws of the order, upon the payment of certain fees and dues, representing the premium charged.'" Bankers' Union vs. Nabors,36 Civ. App. 38, 81 SW 91.

In 1899, the legislature passed the first general act defining and specifically regulating fraternal benefit societies, and restricting, in certain ways, the application of their death benefit fund. The provisions now in force are contained in chapter 8 of the Revised Statutes, 1925, and

amendments thereto, the same being Articles 4820 to 4859d; they repealed the former acts as contained in the Revised Statutes, 1911, Articles 4827 to 4861.

The penal statutes relating to fraternal benefit societies are Articles 581 to 585, inclusive.

It has been broadly said by the Supreme Court that the right, powers, and obligations of benefit societies are determined by rules of law, peculiarly if not exclusively, applicable to them, and the legality of their actions is not to be tested by rules which apply to organizations commercial in purpose. Wirtz vs. Sovereign Camp W.O.W.,268 SW 438.

We cannot agree that the wrods "certificate of authority" as set out in the Article 583 of the Penal Code, supra, means "license" as used in Article 5868b and Article 570a, supra. The certificate of authority mentioned in Article 583, supra, is a certificate showing that the association has complied with the provisions of law and is entitled to do business in this State and cannot be construed to mean a license within the meaning of Articles 5068b and 570a, supra.

You are respectfully advised that it is the opinion of this Department that Articles 5068b and 570a do not apply to agents of fraternal benefit societies lawfully doing business in Texas. Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:AW:egw

APPROVED MAR 18, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman